# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| CX REINSURANCE CO. LTD., | * | |
| Plaintiff | * | |
| v. | * | CIVIL NO. JKB-17-1476 |
| CITY HOMES, INC., *et al.*, | * | |
| Defendants | * | |

## MEMORANDUM AND ORDER

Plaintiff CX Reinsurance Company Limited ("CX Re") filed a two-count complaint seeking, in Count I, rescission of a commercial liability insurance policy on the ground that Defendants made material misrepresentations in their application for insurance and, in Count II, damages for fraud. (ECF No. 1.) After Defendants filed their answer, the Court entered a scheduling order setting a discovery deadline of December 15, 2017, and a dispositive motions deadline of January 16, 2018. (ECF No. 17.) A week later, Plaintiff filed a motion for summary judgment on Count I. (ECF No. 20.) By consent and leave of court, Defendants' deadline for responding to Plaintiff's motion was extended to October 24, 2017, on which date Defendants filed their motion pursuant to Federal Rule of Civil Procedure 56(d) either to suspend briefing or to be granted an extension of time to file their opposition to Plaintiff's motion. (ECF No. 35.)

Not long after the filing of Defendants' motion, the two sides jointly filed a motion to extend the discovery deadline to May 18, 2018, and the dispositive motions deadline to July 17, 2018, and the motion was granted.[1] (ECF No. 39.) Defendants' Rule 56(d) motion has been

---

[1] The instant case is one of several CX Re cases in this Court, and the parties in the various cases have sought to coordinate discovery and its associated deadlines for them.

briefed (ECF Nos. 40 and 46) and is ready for decision. No hearing is necessary. Local Rule 105.6 (D. Md. 2016). The motion will be granted.

Count I requires a judgment on the merits of whether Plaintiff is entitled to rescission of the insurance policy. At the very least, Defendants make valid points as to the need to acquire information from Plaintiff or persons or entities affiliated with Plaintiff on the question of whether Plaintiff engaged in conduct that constituted a waiver of its right to rescind the policy or whether Plaintiff possessed knowledge that would support Defendants' affirmative defense of statute of limitations. The evidence that Defendants seek to discover includes any information received by CX Re or its associated entities that would show notice to CX Re of lead paint violation notices or the presence of lead paint in Defendants' rental properties. Although Plaintiff has supported its motion for summary judgment with an affidavit attesting to a lack of such knowledge, Defendants are entitled to discover, if they can, any information that tests the factual foundation for the affidavit. Defendants also seek information on similar policies issued by CX Re to other Baltimore landlords who gave similar answers to questions regarding presence or absence of lead paint in rental properties; and they further seek information on CX Re's underwriting practices and procedures for issuing commercial general liability policies from 1997 to 2001. Such information relates to the merit of Plaintiff's claim for rescission.

Under Rule 56(d), the Court may defer consideration of or deny a motion for summary judgment or grant other relief "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition." Having considered the parties' arguments for and against Defendants' motion, the Court concludes it is appropriate to hold the motion for summary judgment in abeyance until the completion of discovery.

Accordingly, Defendants' motion (ECF No. 35) IS GRANTED. The Court HOLDS IN ABEYANCE Plaintiff's motion for summary judgment (ECF No. 20). Defendants' opposition to Plaintiff's motion for summary judgment on Count I is due July 17, 2018.

SO ORDERED.

DATED this 12th day of January, 2018.

BY THE COURT:

_____/s/_____
James K. Bredar
Chief Judge